[No. 2822.  Decided February 3, 1898.]

STANTON WARBURTON, *Appellant*, v. MATILDA B. WHITE
*et al.*, *Respondents*.

COMMUNITY PROPERTY — RIGHTS OF SURVIVING SPOUSE — VESTED RIGHTS
— CONSTITUTIONAL LAW.

Under the established rule of law and of property in this
state, upon the death of one spouse, leaving legitimate issue
living, one-half of the community property descends to such issue
and does not vest in the other spouse by right of survivorship.

The purchase by the husband in his own name of real property
with community funds, while Laws 1875, p. 53, giving the sur-
viving spouse the whole of the community property, and Laws
1873, p. 450, giving the husband the management and disposition
of community property, were in force, would not give the hus-
band such a vested right of survivorship in the realty, in its
nature proprietary and contractual, as to be beyond the power
of the legislature to impair by subsequent legislation.

Section 2 of the act of 1875 (Laws 1875, p. 53), giving the
surviving spouse a right of survivorship in community property
cannot be held as conferring a vested right, since to that extent
it would be unconstitutional as not being embraced in the title
of the act, which was one "to regulate the descent of real estate
and the distribution of personal property."

Appeal from Superior Court, Pierce County.—Hon.
J. A. WILLIAMSON, Judge.  Affirmed.

*Stanton Warburton, Bates & Murray*, and *Sullivan &
Christian*, for appellant:

Upon the point that the husband became the sole owner
of community property acquired in 1878 while the laws of
1873 and 1875 governing the management and right of
survivorship in community property were still in force,
counsel cite *Spreckels v. Spreckels*, 58 Am. St. Rep. 170
(48 Pac. 228, 36 L. R. A. 497); *Barnett v. Barnett*, 50
Pac. 339; *Crary v. Field*, 50 Pac. 342; *Dixon v. Dixon*,
4 La. 188 (23 Am. Dec. 478).

*Charles S. Fogg*, for respondents.

PER CURIAM.—The question to be determined in this case is whether the husband succeeds to all the property which was purchased by himself and wife with community funds in this state (then a territory) in 1878, or whether one-half of said property descends to the heirs of the wife. It is contended by the appellant that the property descends to the husband by right of survivorship under the laws of 1873 and 1875 (Laws 1873, p. 450; Laws 1875, p. 53), and a very painstaking and exhaustive brief has been filed in support of this contention. As an original proposition the brief and argument of appellant would be exceedingly interesting, but the uniform holding of this court for the last fifteen years has been to the contrary. This question was first decided adversely to appellant's contention in *Holyoke v. Jackson*, 3 Wash. T. 235 (3 Pac. 841), in the year 1882. The same question has been expressly decided by this court in *Hill v. Young*, 7 Wash. 33 (34 Pac. 144), and *Mabie v. Whittaker*, 10 Wash. 656 (39 Pac. 172), and incidentally decided in probably forty other cases, so that the rule announced by these cases has become the established rule of law and of property in this state. Rights have been established and have grown up under these decisions which it would be wrong to now disturb, even if the court should conclude that the rule as originally announced was faulty. In consideration, therefore, of this long settled and well established doctrine we do not feel called upon to enter into a discussion of the questions involved.

The judgment will be affirmed.

## ON PETITION FOR RE—HEARING.

PER CURIAM.—This cause is before us on a petition for a rehearing, appellant asking a further consideration of the question before urged by him in his brief and on the oral

argument, that the right of survivorship granted under the law of 1875, and the rights urged under the law of 1873 were vested, proprietary and contractual rights, and that, therefore, later acts of the legislature could not deprive appellant of them on the ground that it would impair the obligation of the contract by which the property was obtained, and thus be in conflict wth the constitution of the United States. If any of these questions are presented by the record it is sufficient to say that the court was and is of the opinion that section 2 of the act, Laws 1875, p. 53, was never in force to the extent of conferring a vested right of survivorship in favor of either spouse as to community property. As such it would have been void as not being embraced in the title of the act, and at most it could only be construed as a statute regulating the descent of property, and it was within the power of the legislature to change it, which was thereafter done. We were of the opinion, also, that, even though it conferred a right to property by survivorship, it could be taken away, and was, by subsequent legislation, and that under the Laws of 1873 no vested rights were conferred upon the husband as claimed, but that the same were within the power of the legislature to change thereafter, as was done. Rights, such as are claimed by this appellant, never were recognized or enforced here either during territorial days or since, under either of said acts; but the uniform holdings have been to the contrary, as stated in the former opinion.

The petition is denied.