WHITE v. WARBURTON et al.

(Circuit Court of Appeals, Ninth Circuit. May 18, 1903.)

No. 906.

1. FEDERAL COURTS—FOLLOWING STATE DECISIONS—APPLICATION OF STATE STATUTE.

A judgment of the Supreme Court of a state in an action · by an administrator de bonis non to recover a lot, determining that, under the statutes of the state, such lot never came within the control or disposition of such administrator, but was fully administered upon by his predecessor, is conclusive against the right of his assignee to subject such lot to a lien in a subsequent action in a federal court.

Appeal from the Circuit Court of the United States for the Western Division of the District of Washington.

Jesse Thomas, for appellant.
S. Warburton, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. The appellant brought this suit in the court below as the assignee of an administrator de bonis non of the estate of Sophia D. Bacon, deceased. The object of the suit was the establishment of an equitable lien upon a certain lot of land situated in the city of Tacoma, state of Washington, which was community property of Sophia D. Bacon and her husband, E. G. Bacon. The case shows that Mrs. Bacon died in the year 1880, leaving surviving her husband, E. G. Bacon, and three children—two by a former marriage, namely, Amelia and Matilda Barmeyer, aged, respectively, 15 and 16 years, and one, Ellen T. Bacon, 5 years old, the issue of her marriage with E. G. Bacon. The latter, after the death of his wife, continued in the possession of the property with the children, and, notwithstanding he did not question their right to one-half of the property, he collected all the rents, issues, and profits thereof, and

¶ 1. State laws as rules of decision in federal courts, see notes to Griffin v. Overman Wheel Co., 9 C. C. A. 548; Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.

See Courts, vol. 13, Cent. Dig. § 957.

appropriated the same to his own use. But in April, 1893, nearly 13 years after his wife's death, he filed a petition in the superior court of Pierce county, Wash., for letters of administration upon the estate of his deceased wife, which letters were issued to him on the 21st day of that month, and, having qualified as such administrator, he caused the statutory notice to creditors to be published for the required time, but no claims were presented to the administrator or to the court against the estate within the year prescribed by the state of Washington for the presentation of claims. Notwithstanding the fact that the lot in question was inventoried as the property of the estate to be administered, E. G. Bacon continued to collect the rents, issues, and profits of the property, and to appropriate them to his own use. He became financially embarrassed, and in February, 1895, without reference to the probate proceedings in the matter of the estate of his wife, which continued, as they had been, unreported and unsettled, he undertook to convey the lot in question to his daughter Ellen; and at the same time she executed a declaration of trust, reciting that she held the title thereto in trust—one-third for herself and one-third for each of her two sisters. On the 8th day of April, 1895, the respondent Stanton Warburton obtained a money judgment against E. G. Bacon in the superior court of Pierce county, and caused execution to be issued thereon, and the interest of E. G. Bacon in the property in question to be levied upon and sold, at which sale Warburton became the purchaser. The sale was had on the 2d day of March, 1896, was afterwards confirmed by the court, and a sheriff's deed issued to the purchaser May 4, 1897. Between the time of the confirmation of the sale and the issuance of the sheriff's deed, E. G. Bacon died intestate. Warburton thereafter purchased the interest of one of the heirs of Mrs. Bacon, and some time in 1897 began an action to quiet title in himself against all of her heirs; making them parties defendant, and alleging that he was the owner in fee simple of the whole of the property. Issue was taken on the allegations of his complaint, and trial had upon an agreed statement of facts, from which the court found, as conclusions of law, that Warburton was the owner and entitled to the possession of an undivided two-thirds interest in the lot, and that one of the heirs, Matilda B. White (she having purchased the interest of the other heir), was the owner and entitled to the possession of the remaining one-third, and entered a decree accordingly. Warburton thereupon appealed to the Supreme Court of the state of Washington from that part of the decree which adjudged Matilda B. White to be the owner of an undivided one-third of the lot, which decree was on such appeal affirmed (Warburton v. White, 18 Wash. 511, 52 Pac. 233, 532), and the case thereupon taken by writ of error to the Supreme Court of the United States, where the judgment of the Supreme Court of the state of Washington was affirmed (Warburton v. White, 176 U. S. 484, 20 Sup. Ct. 404, 44 L. Ed. 555).

On the 4th day of March, 1898, one Griffin was, upon petition therefor, appointed by the probate court of Pierce county administrator de bonis non of the estate of Mrs. Bacon, and on the 10th of that month brought an action to recover the possession of the undi-

vided two-thirds of the lot, which the judgment in the case of Warburton v. White, above mentioned, had awarded to Warburton, together with its reasonable rental value from the death of E. G. Bacon. In addition to the allegation that no claims against the estate of Mrs. Bacon were presented to the administrator of the estate, the answer of Warburton to the complaint of the administrator de bonis non expressly alleged that there were no debts or claims of any character existing against that estate, and "that after the time had elapsed in which creditors might file any claim against the estate of Sophia D. Bacon, as above set forth, said probate proceedings were abandoned and discontinued by agreement and understanding by and between the administrator, said E. G. Bacon," and the heirs of said estate, and the heirs thereupon took possession of the property. The case of Griffin v. Warburton was taken to the Supreme Court of the state of Washington, and is reported in 23 Wash. 231, 62 Pac. 765, the opinion in which is made a part of the record in the present case, and from which a number of the facts above stated are taken. In disposing of the appeal there, the court said, among other things:

"Whether or not Mrs. Bacon died seised of any property other than the property above described [the lot in question here] does not appear from the record, nor does it appear what representations were made to the superior court which induced it to appoint an administrator de bonis non, nor whether such administrator was appointed upon or without notice to the defendants and the other parties in possession of the real property. Upon the facts shown by the record, it is apparent that, so far as this real property is concerned, there is no necessity for further administration upon it, or for the appointment of an administrator de bonis non. The causes which usually require the intervention of the probate court are nonexistent. There are no claims of creditors for which it can be held liable. If any ever existed, they were conclusively barred, whether absolute or contingent, by the failure to present them within the year allowed by the statute for the presentation of claims after the first publication of the notice to creditors. Barto v. Stewart, 21 Wash. 605, 59 Pac. 480. There is no necessity for a decree of the probate court to determine the right of succession to the property. The agreement of the interested parties, and the judgment in the case of Warburton v. White, affirmed by this court, and since the commencement of this action reaffirmed by the Supreme Court of the United States, conclusively establish, as between the heirs and the successors in interest to the heirs, this right of succession; and, should the administrator de bonis non be allowed to administer upon the property, it must, if not disposed of to pay the expenses of such administration, be distributed in accordance with the decree entered in that case. There is no necessity for a decree or order of distribution of the probate court in order to pass title to the real property from the ancestor to the heir."

After referring to various provisions of the statutes of Washington, and to various authorities, the court, in the case of Griffin v. Warburton, continued:

"Applying these principles to the case in hand, it is clear to our minds that this real property was fully administered upon by the first administrator, and was not a part of the estate of Sophia D. Bacon, deceased, remaining unadministered at the time of the appointment of the administrator de bonis non. As such, it was not included within the letters of administration issued to him. By the express terms of the statute, an administrator de bonis non is appointed to administer upon 'the goods remaining unadministered,' and he has no warrant to disturb the lawful acts of the administrator whom he succeeds."

122 F.—58

Here was a distinct adjudication by the Supreme Court of the state of Washington that, under the statutes of that state and the principles of law properly applicable thereto, the lot in question in the present suit never came within the control or disposition of the administrator de bonis non, under whom alone the appellant in the present suit claims. That adjudication of the state court is, of course, binding upon us, and is, as was properly held by the court below, conclusive of the controversy.

The judgment is affirmed.