(68 Misc. Rep. 1.)

### In re GREEN'S ESTATE.

.(Surrogate's Court, Kings County. May, 1910.)

1. TAXATION (§ 878*)—TRANSFER TAX—PROPERTY SUBJECT.
   Where a wife, a resident of the state, dies without a will, leaving a husband and no descendants, the husband does not take her property under the intestate laws of the state, and there is no taxable transfer thereof under Tax Law (Consol. Laws, c. 60) § 220, subd. 1.
   [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 878.*]

2. TAXATION (§ 860*)—TRANSFER TAX—"INTESTATE LAWS."
   The words "intestate laws," as used in Tax Law (Consol. Laws. c. 60), § 220, subd. 1, refer to the statutes governing the descent and distribution of a decedent's property.
   [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 860.*
   For other definitions, see Words and Phrases, vol. 4, p. 3733.]

In the matter of the transfer tax of the estate of Maria E. Green. From an order assessing the same, the administrator appeals. Reversed.

William Murray, for appellant.
William W. Wingate, for State Comptroller, respondent.

KETCHAM, S.   Upon an appeal from the adjustment of the transfer tax the question is presented: When a wife, resident of the state, dies without a will, leaving her husband and no descendants, is there a taxable transfer to the husband of the personal property of which she died possessed? To uphold the tax, it must be found that the husband has taken the property "by the intestate laws of this state." Tax Law (Consol. Laws, c. 60) § 220, subd. 1. It is naught for the present purpose that the husband's assumption of complete enjoyment of the property coincided with the death of the wife or happened because of it. The statute has refrained from any language which would impose a tax upon rights of property which ripen or come to pass as an incident or result of death.

In Matter of Starbuck, 137 App. Div. 866, 122 N. Y. Supp. 584, the prevailing opinion employs language with respect to the estate of curtesy which clearly applies to the husband's right in personal property under the circumstances here involved. Among other things, Mr. Justice Thomas there says:

"Its origin and continuance are due to the law, but not the law that appoints the inheritable property of an intestate to prescribed heirs. It is unimportant in the present inquiry upon what theory, adopted at remote time and now obscure in motive, the law proceeded in making this transfer to the husband. It is only necessary to establish that it was not and is not an intestate law."

In the case supposed at the head of this opinion the husband takes his right in personal property by virtue of his marriage. He enters upon its enjoyment by virtue of the death of his wife. His right, as well as the absolute ownership into which it matures, springs from the common law, and neither can be said to come to him by the intestate laws. "The words 'intestate laws' refer to the statutes govern-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing the descent and distribution of a decedent's property." Matter of Starbuck, supra. No warrant for such right or any of its fruits or incidents can be found in the statute of distributions.

The order which fixed the tax as upon a taxable transfer should be reversed.

Order reversed.