(January 30, 1912.)

## EDNA R. KOHNY, Administratrix, Respondent, v. WILLIAM C. DUNBAR, Probate Judge, Appellant.

[121 Pac. 544.]

INHERITANCE TAX — INTERSTATE LAWS — COMMUNITY PROPERTY — INTEREST OF WIFE IN COMMUNITY PROPERTY.

(Syllabus by the court.)

1.  Under the statute of this state, secs. 2680 and 3060, Rev. Codes, all property acquired after marriage by either husband or wife not defined by secs. 2676 and 2679 as the separate property of the husband or wife is community property.

2.  Under the provisions of sec. 2686, the husband has the management and control of the community property with the like absolute power of disposition as he has of his separate property.

3.  Under the provisions of sec. 5713, on the death of either husband or wife, one-half of the community property goes to the survivor, subject to the community debts, and the other half is subject to the testamentary disposition of the deceased husband or wife.

4.  Under the community property law of this state, the wife has an equal interest and ownership with the husband in community property, and the only particular in which their rights differ is in the fact that the statute constitutes the husband the managing and sales agent and trustee of the community partnership and authorizes him to sell and pass title to such property and exercise absolute control over the same.

5.  The one-half interest which the wife receives from the community property upon the death of her husband comes to her in her own right by reason of the death of the community agent and her survival of the dissolution of the community partnership.

6.  The wife is not liable, under sec. 1873, Rev. Codes, upon the death of her husband, to pay an inheritance tax on her one-half of the community property, for the reason that the property does not pass to her "by will or by the intestate laws of this state."

7.  "The intestate laws of this state" comprise that body of laws which provide and prescribe the devolution of estates of persons who die without disposing of their property by last will or testament. One who dies intestate dies without leaving a will and without disposing of his property and estate by will or testament.

APPEAL from the District Court of the Third Judicial District for Ada County.   Hon. John F. MacLane, Judge.

Appeal by the administratrix of the estate of Albert B. Kohny from an order of the probate court refusing to settle and allow the final account of the administratrix until such time as she paid an inheritance tax upon the one-half interest in the community property belonging to the wife of the deceased.   Judgment of the probate court reversed by the district court.   Judgment of the district court *affirmed* by this court.

D. C. McDougall, Attorney General, J. H. Peterson, and O. M. Van Duyn, Assistants, and Chas. P. McCarthy, Prosecuting Attorney, for Appellant.

Inasmuch as the California inheritance tax law was enacted after the time of the ruling of the courts of that state upon women's rights in community property, therefore the legislature intended to subject all community property to said inheritance tax.   We adopted the California statute, word for word, in 1907.   Therefore, the same reasoning applies.   (*Estate of Moffitt,* 153 Cal. 359, 95 Pac. 653, 1025, 20 L. R. A., N. S., 207; *In re Burdick,* 112 Cal. 387, 44 Pac. 734; *Spreckels v. Spreckels,* 116 Cal. 339, 58 Am. St. 170, 48 Pac. 228, 36 L. R. A. 497; *Sharp v. Loupe,* 120 Cal. 89, 52 Pac. 134, 586.)

"The interest of the wife is a mere expectancy like the interest which any heir may possess in the property of his ancestor."   (*Van Maren v. Johnson,* 15 Cal. 308; *Packard v. Arellanes,* 17 Cal. 525.)

The wife has no vested or tangible interest in community property, but the title is vested in the husband, who is "for all practical purposes the sole owner."   (*Fallbrook Irr. Dist. v. Abila,* 106 Cal. 362, 39 Pac. 794; *People v. Lebus* (Cal.), 96 Pac. 1118.)

"The title to community property is in the husband, and during the existence of the community the wife's interest in the community property is a mere expectancy."   (*Hall v.*

*Johns,* 17 Ida. 224, 105 Pac. 71; *Ray v. Ray,* 1 Ida. 566; *Wilson v. Wilson,* 6 Ida. 597, 57 Pac. 708; *Bedal v. Sake,* 10 Ida. 270, 77 Pac. 638, 66 L. R. A. 60; *Bank of Commerce v. Baldwin,* 14 Ida. 75, 93 Pac. 504, 17 L. R. A., N. S., 676.)

John F. Nugent, and Cavanah & Blake, for Respondent.

If the wife takes as survivor, she cannot take as heir, and hence her share would not be liable for the tax. (*In re Moffitt's Estate,* 153 Cal. 359, 95 Pac. 654, 1025, 20 L. R. A., N. S., 207; McKay on Community Property, sec. 462.)

In Texas and Washington it is settled that the wife does not take her moiety of the community property by inheritance from her husband; her title originates at the same time as his, runs concurrently with his, and on his death it is merely stripped of his power to manage and control. (*Wright v. Hays,* 10 Tex. 130, 60 Am. Dec. 200; *Edwards v. Brown,* 68 Tex. 329, 4 S. W. 380, 5 S. W. 87; *Kircher v. Murray,* 54 Fed. 626; *Cullers v. James,* 66 Tex. 494; *Arnold v. Hodge,* 20 Tex. Civ. App. 211, 49 S. W. 715; *Johnson v. Harrison,* 48 Tex. 257; *Holyoke v. Jackson,* 3 Wash. Ter. 235, 3 Pac. 841; *Saddler v. Niesz,* 5 Wash. 182, 31 Pac. 630, 1030; *Adams v. Black,* 6 Wash. 528, 33 Pac. 1074; *Tustin v. Adams,* 87 Fed. 377.)

The decisions cited from the courts of states having statutes identical, or practically identical, with ours are decisive of the matter at bar, and the California rule should not be recognized here, as the statutes of the two states are entirely dissimilar. (*Warburton v. White,* 176 U. S. 484, 20 Sup. Ct. 404, 44 L. ed. 555; *Arnet v. Reade,* 220 U. S. 311, 31 Sup. Ct. 425, 55 L. ed. 477.)

In the light of sec. 5713, the wife has more than a mere expectancy in the community property. (*Ryan v. Fergusson,* 3 Wash. 356, 28 Pac. 910; *Lawrence v. Bellingham Bay etc. Co.,* 4 Wash. 664, 30 Pac. 1099; *In re Hill's Estate,* 6 Wash. 285, 33 Pac. 585; *In re Cannon,* 18 Wash. 101, 50 Pac. 1021.)

Estate by curtesy is not subject to inheritance tax. (*Starbuck's Estate,* 137 App. Div. 866, 122 N. Y. Supp. 585.)

The statute has refrained from any language which would impose a tax upon rights of property which ripen or come to pass as an incident or result of death.

"The words 'intestate laws' refer to the statutes governing the descent and distribution of a decedent's property." (*In re Green's Estate,* 68 Misc. Rep. 1, 124 N. Y. Supp. 863; *Commonwealth's Appeal,* 34 Pa. 204.)

AILSHIE, J.—This appeal involves the construction of sec. 1873 of the Rev. Codes, commonly known as the inheritance tax law. The respondent, Edna R. Kohny, is the widow of Albert B. Kohny, deceased, and is the administratrix of his estate. On the 9th of February, 1909, the administratrix duly made and returned to the probate court of Ada county an appraisement of the estate of her deceased husband, which showed the estate to be of the value of $88,962.70, of which sum $25,485 was the separate estate of Albert B. Kohny and $63,477.70 represented the community estate and property of Albert B. Kohny and Edna R. Kohny, his wife. The administratrix offered to pay the inheritance tax upon one-half of the community property less the amount of her exemption under sec. 1877, but the probate judge refused to settle, approve and allow her final account until she first paid the inheritance tax upon the whole of the community property, less her exemption of $10,000. The administratrix appealed to the district court from the ruling and order of the probate judge, and her contention was there sustained and the probate judge thereupon appealed to this court.

Sec. 1873 of the Rev. Codes provides, among other things, as follows: "All property which shall pass, by will or by the intestate laws of this state, from any person who may die, seised or possessed of the same while a resident of this state . . . . shall be and is subject to a tax hereinafter provided for, to be paid to the treasurer of the proper county, . . . ." It necessarily follows from the plain wording of the statute that this tax is laid upon the transfer of any and all property "which shall pass by will or by the intestate laws of this state." The vital question then to be determined is whether

the one-half interest which the wife has in the community property passes to her *by will or by the intestate laws of the state.* This proposition may be further reduced for the reason that it is not contended that she receives it by will, so the only remaining question is: Does she receive a one-half interest in the community property through or *under the intestate laws of this state?*

It ought not to be difficult to determine what is meant by the words "intestate laws of this state." One who dies intestate dies without leaving a will and without disposing of his property and estate by last will and testament. (*In re Greene's Estate,* 68 Misc. Rep. 1, 124 N. Y. Supp. 863; 4 Words and Phrases, 3732; 23 Cyc. 41, notes 40 and 41.) The intestate laws of this state comprise that body of the statutes which provide and prescribe the devolution of estates of persons who die without disposing of their estates by last will or testament. In other words, *intestate laws* deal with *intestate estates,* and provide for the passing of title to such person or persons as the lawmakers in their judgment and wisdom have thought best entitled to such estates. Now, then, it being conceded that Albert B. Kohny did not dispose of his property and estate by will and that he therefore died intestate, the question to be determined is: Did his widow, Edna R. Kohny, come into the possession and enjoyment of one-half of the community estate under and by virtue of the intestate laws of the state? In order to intelligently determine this question, it is necessary to consider the nature and character of the estate known as "community property."

Sec. 3060 of the Rev. Codes defines community property as follows: "Community property is property acquired by husband and wife, or either, during marriage, when not acquired as the separate property of either." Chap. 3, title 2, of the Civil Code, comprising sections 2674 to 2693, inclusive, is devoted to the subject "Husband and Wife." Sec. 2676 defines the separate property of the wife, and 2677 gives her the "management, control and absolute power of disposition of her separate property," both real and personal, and au-

thorizes her to sell and convey her separate property without procuring the consent or concurrence of her husband. Sec. 2679 defines the separate property of the husband, and sec. 2680 is as follows:

"All other property acquired after marriage by either husband or wife, including the rents and profits of the separate property of the husband and wife, is community property, unless by the instrument by which any such property is acquired by the wife it is provided that the rents and profits thereof be applied to her sole and separate use; in which case the management and disposal of such rents and profits belong to the wife, and they are not liable for the debts of the husband."

Sec. 2686 constitutes the husband the agent and trustee of the marital community and is as follows:

"The husband has the management and control of the community property, with the like absolute power of disposition, other than testamentary, as he has of his separate estate; but such power of disposition does not extend to the homestead or that part of the common property occupied or used by the husband and wife as a residence."

It will be seen from an examination of the chapter on "Husband and Wife," and especially the above-enumerated sections, that the law deals with the husband and wife as a kind of partnership with reference to all their community property accumulations. It segregates all property "owned by the wife before her marriage and that acquired afterward by gift, bequest or descent, or that which she shall acquire with the proceeds of her separate property" as her "separate estate," and it likewise segregates "all property owned by the husband before marriage and that acquired by gift, bequest, devise or descent" as his "separate property." It then provides "all other property acquired after marriage by either husband or wife" shall constitute the community property. The statute therefore intends that all property acquired by either the joint effort of the two members of the community or their individual and separate effort shall constitute a community fund and estate. The lawmakers evidently thought

it wise and expedient in the interest of business and com-
mercial transactions that this *community* have a business and
managing agent vested with the authority to manage, sell and
transfer such property, and so they prescribed by sec. 2686,
*supra,* that the husband should be the managing and sales
agent and a kind of trustee for the community. The stat-
ute, however, has given to the husband no better or higher
title to the community property than it has given to the wife.
The only difference or distinction whatever the law has made
between the husband and wife with reference to community
property is that during the continuance of the community
the husband is the managing agent, vested with absolute power
of disposition of the property, and that the wife cannot sell
or encumber such property except in specified instances. The
receipts, however, from any disposition that may be made of
the property still remain community property, and the wife's
interests in the receipts from any sale of community property
are just as great as they were in the original community
property which was thus sold or transferred.

Sec. 5713 of the Rev. Codes, which was in force at the time
of the death of Albert B. Kohny, provides:

"Upon the death of either husband or wife, one-half of the
community property shall go to the survivor, subject to the
community debts, and the other half shall be subject to the
testamentary disposition of the deceased husband or wife, sub-
ject also to the community debts. In case no testamentary
disposition shall have been made by the deceased husband or
wife of his or her half of the community property, it shall
descend equally to the legitimate issue of his, her or their
bodies. If there be no issue of said deceased living, or none
of their representatives living, then the said community prop-
erty shall all pass to the survivor, to the exclusion of collat-
eral heirs, subject to the community debts, the family allow-
ance, and the charges and expenses of administration."

The foregoing section of the statute recognizes the husband
and wife as equal partners in the community estate, and it
authorizes each *to dispose of his or her half by will.* It also
provides that the survivor shall continue to be the owner of

half of such property subject only to the payment of the *community debts*. This statute clearly and unmistakably provides that the surviving spouse takes his or her half of the community property, *not by succession, descent or inheritance, but as survivor of the marital community or partnership*. The same section provides further that in the event there be no issue of the marriage living at the time of the death of one of the spouses, and he or she leaves no will or testament, *the half of the community property which belonged to the deceased* shall go to the survivor as an heir, and, therefore, by descent and under and by virtue of the "intestate laws of this state." While, therefore, the survivor in this case receives the entire community estate by reason of the death of her husband, half of it was already hers, and the only additional interest or right she acquires in that half by reason of the death of her husband is the right of *management, control and disposition*. The death of the statutory managing agent and trustee leaves the wife without such agent and reduces her to the status of a *feme sole*, and the law authorizes her to act in her own right. Death has worked a dissolution of the community partnership and left the surviving partner to act for herself. She also receives the other half of the community property but by an entirely different means. It comes to her likewise by reason of the death of the husband but through the means of her heirship. The statute makes her an heir of her husband, and so, in the absence of testamentary disposition of the husband's share of the community property, she inherits his half and therefore takes his share under the intestate laws of the state. *It is clear, however, that she does not inherit her share of the common property.*

Counsel for appellant have called our attention to the case of *Hall v. Johns,* 17 Ida. 224, 105 Pac. 71, wherein this court said: "The title to community property is in the husband and during the existence of the community the wife's interest in the community property is a mere expectancy." That case involved the right of the wife to contract in a matter which did not have reference to her separate property and estate and to bind the community thereby, and the above observa-

tion was made in the course of a consideration of the power of the wife to bind herself or separate estate or the community estate by contract which had no reference to her separate property and estate. It was held that she could not bind the community in such manner, and in that connection it was suggested that her interest during the continuance of the marital relation was a mere expectancy.

Similar language has been frequently used by the courts, and especially in California, as will be seen from an examination of *In re Burdick,* 112 Cal. 387, 44 Pac. 734, *Spreckels v. Spreckels,* 116 Cal. 339, 58 Am. St. 170, 48 Pac. 228, 36 L. R. A. 497, and *Estate of Moffitt,* 153 Cal. 359, 95 Pac. 653. 1025, 20 L. R. A., N. S., 207. The California court in the *Estate of Moffitt, supra,* held under a statute almost identical with ours that the interest of the wife in the community property during the continuance of the community is a mere expectancy, and that upon the death of the husband, the wife takes her share of the community property, not as survivor or in her own right but (in some manner not clearly disclosed) under the intestate laws of the state or the laws of descent and succession, and that she is liable to pay an inheritance tax on her half of such estate. That case apparently rests upon the authority of *In re Burdick* and *Spreckels v. Spreckels.* The Burdick case held that the "wife takes her interest in such property [community property] by way of succession from the husband, and through distribution of his estate." Mr. Justice Harrison dissented from that view and wrote a separate opinion, dealing with this phase of the statute, and Mr. Justice Garroutte concurred in this dissent. The opinion by Justice Harrison is very clear and concise and, to our minds, expresses the logical and reasonable interpretation of the statute, and is better reasoned than the opinion of the court. Among other things, he says: "She receives it [half the community property], however, not as the heir of her husband, but in her own right as her half of the property which was acquired by herself and her husband during the marriage, but freed from all restrictions in its use and enjoy-

ment, and with the same title as if the marriage had been dissolved by a decree of divorce.''

The community property law has been in force in Washington since about 1869. It has been changed slightly from time to time with reference to the right of disposition of the property and the management and control by the husband, but the community property law in the main has been in force continuously in that state.

In *Warburton v. White,* 18 Wash. 511, 52 Pac. 233, 532, the question arose as to the necessity of the wife joining the husband in the disposition of community property. The case was carried by writ of error to the supreme court of the United States, and in *Warburton v. White,* 176 U. S. 485, 20 Sup. Ct. 404, 44 L. ed. 555, the supreme court of the United States, speaking through Mr. Justice (now Chief Justice) White, reviewed the Washington decisions on the subject and considered the matter at some length, and in commenting upon the right or interest of the wife in the community property said: ''Property acquired during marriage with community funds became an *acquet* of the community, and not the sole property of the one in whose name the property was bought, although by the law existing at the time the husband was given the management, control, and power of sale of such property. This right being vested in him, not because he was the exclusive owner, but because by law he was created the agent of the community. The proceeds of the property being sold by him becoming an *acquet* of the community, subject to the trust which the statute imposed upon the husband, from the very nature of the property relation engendered‧ by the provision for the community.'' In *Arnett v. Reade,* 220 U. S. 311, 31 Sup. Ct. 425, 55 L. ed. 477, the Warburton case was quoted with approval and the court, speaking through Mr. Justice Holmes, said: ''It is very plain that the wife has a greater interest than the mere possibility of an expectant heir. For it is conceded by the court below and everywhere, we believe, that in one way or another she has a remedy for an alienation made in fraud of her by her husband.''

Mr. McKay, of the Seattle bar, in his work on the Law of Community Property, p. 542, says: "In Washington the question has not been expressly decided whether the wife takes her moiety by inheritance from her husband, but the decisions defining her right are so clear and decisive that but one conclusion is possible, viz., that she does not; assuming this conclusion to be true, no inheritance tax could be imposed on her moiety on the death of her husband." In a note to the same section (476) the author says: "The state board of tax commissioners expressly disclaim any power to impose an inheritance tax on the survivor's share of the common property." Since the interests of both husband and wife are the same and equal in and to the community property, and each takes one-half upon the death of the other and each may dispose of a one-half interest therein by will, it is clear to us that if the wife must pay an inheritance tax on her half of the property upon the death of the husband, that the husband would likewise be obliged to pay an inheritance tax on his half of the property on the death of his wife. The law clearly places them both on an equality in this respect. This illustration, however, accentuates the unreasonableness of the contention, for no one claims that the husband is required to pay such tax on his interest in the community estate.

Counsel have called our attention to a number of other authorities which consider and discuss this question, but we shall not enter upon an analysis of them here. The following are some of the cases which deal with this question: *Wright v. Hays,* 10 Tex. 130, 60 Am. Dec. 200; *Edwards v. Brown,* 68 Tex. 329; *Kircher v. Murray,* 54 Fed. 626; *Tustin v. Adams,* 87 Fed. 377; *Holyoke v. Jackson,* 3 Wash. Ter. 235, 3 Pac. 841; *Adams v. Black,* 6 Wash. 528, 33 Pac. 1074; *In re Hill's Estate,* 6 Wash. 285, 33 Pac. 585; *Starbuck's Estate,* 137 App. Div. 866, 122 N. Y. Supp. 585; *In re Green's Estate,* 68 Misc. Rep. 1, 124 N. Y. Supp. 863; *In re Weiler's Estate,* 122 N. Y. Supp. 608; *Billings v. People,* 189 Ill. 472, 59 N. E. 798, 59 L. R. A. 807; *Estate of Gordon,* 186 N. Y. 471, 79 N. E. 722, 10 L. R. A., N. S., 1089.

We conclude that upon the death of husband or wife, the survivor takes one-half of the property in his or her own right as survivor and is not liable under sec. 1873 to pay an inheritance tax on such interest in the community estate. The judgment is affirmed, with costs in favor of respondent.

Stewart, C. J., and Sullivan, J., concur.