Mildred P. Reilly Martin v. Commissioner.
Martin v. Commissioner
Docket No. 1483-63.
United States Tax Court
T.C. Memo 1965-190; 1965 Tax Ct. Memo LEXIS 141; 24 T.C.M. (CCH) 992; T.C.M. (RIA) 65190; July 13, 1965
Mildred P. Reilly Martin, pro se, 805 Cherry St., Seattle, Wash. Walter J. Howard, Jr., for the respondent. DAWSON
Memorandum Opinion DAWSON, Judge: Respondent determined a deficiency in the income tax of petitioner for the year 1959 in the amount of $381.30. The only issue for decision is whether the petitioner's basis in gifts made to her by her mother, Nellie Campbell, within the three-year period preceding the death of her father, Charles R. Campbell, is increased at the death of her father to the fair market value of the property on that date, or whether the petitioner has the donor's basis, as determined by the respondent. All of the facts have been stipulated by the parties and are hereby found accordingly. Mildred P. Reilly Martin (hereinafter called petitioner) is a married woman who resides at 805 Cherry Street, Seattle 4, Washington. On or about March 2, 1960, Marion Reilly, a brother of petitioner, *143 filed a U.S. Partnership Return of Income, Form 1065, with respect to the operation of the Imperial Hotel, Grangeville, Idaho, for the taxable year 1959. This return shows a net loss of $6,967.35 in the hotel's operation for 1959, with Marion Reilly's one-half share of the loss being $3,483.67 and petitioner's one-half share being $3,483.68. Petitioner timely filed her separate income tax return for the taxable year 1959 with the district director of internal revenue, Tacoma, Washington. On this return, in Schedule H - Other Income, petitioner claimed a loss of income in the amount of $3,483.68 for her interest in the operation of the Imperial Hotel. On January 15, 1963, the respondent mailed to the petitioner a statutory notice of deficiency for the taxable year 1959 in which he determined that petitioner realized additional taxable income in the amount of $1,466.53 over that disclosed by her return because she "realized a loss from the Imperial Hotel, Grangeville, Idaho in the amount of $2,017.15, rather than $3,483.68" as shown on her 1959 return. This increase in petitioner's taxable income by respondent was based entirely on his disallowance of a stepped-up basis for depreciation *144 claimed by petitioner for the 19/80ths interest in the Imperial Hotel which she received as gifts from her mother, Nellie Campbell. The respondent has not allowed an increase in the basis of the 19/80ths gift of Nellie Campbell's community property to petitioner, nor of the 19/80ths gift to Marion Reilly, which were made within three years prior to the death of Charles R. Campbell. Marion Reilly contested this disallowance in a tax refund suit involving his income tax returns before the United States District Court for the District of Idaho, Central Division, in Marion Reilly, et al., v. United States, an unreported case, 14 A.F.T.R. 2d 5995. The petitioner was not a party plaintiff in the refund suit. Petitioner does not agree with the memorandum opinion or the judgment of the District Court which dismissed plaintiff's complaint on October 21, 1964. Charles R. Campbell and Nellie Campbell were husband and wife residing at Grangeville, Idaho. Charles R. Campbell died on September 5, 1956. Nellie Campbell continued to reside in Grangeville. She was duly appointed executrix of the estate of Charles R. Campbell, deceased, and was the sole distributee of the estate. *145 Charels R. Campbell and Nellie Campbell, prior to September 1, 1956, each made gifts of their respective community interest in the real and personal property of the Imperial Hotel to their daughter, the petitioner, as follows: December 29, 1953, 7/80ths; December 31, 1954, 8/80ths; and December 31, 1955, 4/80ths; each spouse having given 19/80ths interest, thus at this point petitioner acquired a total interest of 38/80ths in the real and personal property of the Imperial Hotel. Like gifts of the community property in the same amounts and on the same dates were made by both spouses to their son, Marion Reilly. Charles R. Campbell's remaining 2/80ths community interest (one-half of 4/80ths) was bequeathed and devised to his wife, Nellie Campbell, by his will. On December 31, 1957, Nellie Campbell gave the 2/80ths community interest that she owned in her own right, plus the 2/80ths interest she received by bequest and devise from Charles R. Campbell, deceased, to Marion Reilly 2/80ths, and to the petitioner 2/80ths. For estate tax purposes the gifts of Charles R. Campbell were determined to have been made in contemplation of death, and the fair market value thereof was included *146 in the estate tax return. Respondent allowed, as a basis for depreciation, the fair market value determined for estate tax purposes of the depreciable real property and personal property of the Imperial Hotel as it pertains to gifts in contemplation of death made by Charles R. Campbell, and also allowed the fair market value basis on that 2/80ths community interest retained by Charles R. Campbell and bequeathed and devised to Nellie Campbell. Under the provisions of section 1014(b)(6), Internal Revenue Code of 1954, respondent applied the fair market value as of the date of Charles R. Campbell's death to the 2/80ths held by the surviving spouse, Nellie Campbell. The 19/80ths interest in the Imperial Hotel, which petitioner received as gifts from Nellie Campbell prior to the death of Charles R. Campbell, was not included in the gross estate of Charles R. Campbell for estate tax purposes. The controversy in this case arises because of the petitioner's contention that the property given to her by Nellie Campbell before the death of Charles R. Campbell should have the fair market value basis accorded the property transferred by Charles R. Campbell in contemplation *147 of his death. The petitioner argues that, since the property owned by Charles R. Campbell was included in his estate for tax purposes, the basis of the property transferred by his wife prior to his death should have a basis in the donees' hands equal to the fair market value of the property at the date of the husband's death. To the contrary, respondent contends that section 1014(b)(9) [1] of the Internal Revenue Code of 1954 does not contemplate such a change in the status of the portion of the community property given to petitioner by Nellie Campbell where, as to Nellie, the gift was not made in contemplation of death. It is therefore the respondent's position that the petitioner's basis for the fractional interest in the Imperial Hotel acquired by gifts from her mother before the death of her father is the same as the donor's basis, i.e., the basis of Nellie at the time of the gifts. See section 1015(a), Internal Revenue Code of 1954. *148 Exactly the same issue was presented to and decided by the United States District Court for the District of Idaho, Central Division, in the case of Marion Reilly, et al, v. United States, supra. In deciding the issue for the Government, the District Court said: It is the determination of the court that the statutes do not contemplate a change in the status of the portion of the community property given as a gift by the wife, where, as to her, the gift was not made in contemplation of death. The gifts were complete, valid and enforceable when made. For tax purposes only, the value of the deceased husband's share of the gift was required to be included in his gross estate for estate tax purposes only. No such requirement exists as to the portion of the gifts made by the wife. Under the statutes mentioned, the value of the share of the gifts made by the wife should not be included in the gross value of the decedent's estate. It follows that plaintiffs' contention that the gifts of Nellie Campbell to her children come within the purview of Section 1014(b)(9) does not appear to be a valid one. Mrs. Campbell is not a "decedent" at this time and this section of the statute applies to *149 property acquired from a decedent. The donees here received the property as a gift from Mrs. Campbell. Not only is the decision in the Reilly case entitled to considerable weight, but in our opinion it is also a correct application of the statute. It appears from the stipulation of facts that Charles R. Campbell and his wife, Nellie, each made valid and simultaneous gifts of their respective community property interests. Since one-half of the Idaho community property gifts was made by Nellie prior to the death of Charles, her one-half is not includible in the decedent's gross estate under Idaho law. Kohny v. Dunbar, 21 Idaho 258, 121 P. 2d 544 (1912). By enacting section 1014(b)(9), Congress intended to allow the fair market value basis to property "acquired from a decedent" if the property was "required to be included in determining the value of decedent's gross estate." See S. Rept. No. 1622, 83rd Cong., 2d Sess., p. 423 (1954). It is perfectly clear that Nellie Campbell is not a "decedent" within the meaning of section 1014(b)(9) and that the gifts made by her to petitioner were not required to be included, and in fact were not included, in the determined value *150 of Charles R. Campbell's gross estate. Accordingly, we hold that the petitioner's claimed share of the loss in the operation of the Imperial Hotel was excessive to the extent determined by respondent in his notice of deficiency. Decision will be entered for the respondent. Footnotes
1. SEC. 1014. BASIS OF PROPERTY ACQUIRED FROM A DECEDENT. (a) In General. - Except as otherwise provided in this section, the basis of property in the hands of a person acquiring the property from a decedent or to whom the property passed from a decedent shall, if not sold, exchanged, or otherwise disposed of before the decedent's death by such person, be the fair market value of the property at the date of the decedent's death, or, in the case of an election under either section 2032 or section 811(j) of the Internal Revenue Code of 1939 where the decedent died after October 21, 1942, its value at the applicable valuation date prescribed by those sections. (b) Property Acquired From The Decedent. - For purposes of subsection (a), the following property shall be considered to have been acquired from or to have passed from the decedent: * * *
(9) In the case of decedents dying after December 31, 1953, property acquired from the decedent by reason of death, form of ownership, or other conditions (including property acquired through the exercise or non-exercise of a power of appointment), if by reason thereof the property is required to be included in determining the value of the decedent's gross estate under chapter 11 of subtitle B or under the Internal Revenue Code of 1939. In such case, if the property is acquired before the death of the decedent, the basis shall be the amount determined under subsection (a) reduced by the amount allowed to the taxpayer as deductions in computing taxable income under this subtitle or prior income tax laws for exhaustion, wear and tear, obsolescence, amortization, and depletion on such property before the death of the decedent. Such basis shall be applicable to the property commencing on the death of the decedent. This paragraph shall not apply to - (A) annuities described in section 72; (B) property to which paragraph (5) would apply if the property had been acquired by bequest; and (C) property described in any other paragraph of this subsection.↩