<hr/>

(No. 4710.   July 5, 1927.)

ANNIE SWINEHART, Appellant, v. THEO. TURNER, LUCY P. TURNER, PATRICK DUFFY and ANTONIA DUFFY, Respondents.

[259 Pac. 3.]

EXECUTORS AND ADMINISTRATORS — HUSBAND AND WIFE — COMMUNITY DEBTS — SETTLEMENT OF ENTIRE ESTATE NECESSARY — VOIDABLE PURCHASE—BONA FIDE PURCHASER—DEED PASSES TITLE—VENDORS AND PURCHASERS—NO KNOWLEDGE OR NOTICE OF FRAUD—SALE FOR VALUABLE CONSIDERATION NOT SET ASIDE.

1. On death of either spouse, administration draws to it settlement of entire community estate to satisfy community debts, making it necessary for probate court to assume jurisdiction over and administer both moieties of the community fund.

2. Though purchase by representative at his own sale is voidable, deed from him conveying property to *bona fide* purchaser for valuable consideration will pass title, and after such conveyance the original purchase will not be set aside.

3. Sale to innocent purchasers for valuable consideration with no knowledge or notice of fraudulent purchase by grantor will not be set aside, if in fact grantor's purchase was fraudulent.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Ralph W. Adair, Judge.

Action to set aside deed. Judgment for respondents. *Affirmed.*

P. C. O'Malley, J. L. Downing, and Wm. J. Ryan, for Appellant.

The doctrine is familiar that an agent cannot, either directly or indirectly, have an interest in the sale of the property of his principal which is within the scope of his agency without the consent of his principal, freely given and after full knowledge of every matter known to the agent which might affect the principal (21 R. C. L., p. 829; 31 Cyc., pp. 1432–1437; *Tyler v. Sanborn*, 128 Ill. 136; 15 Am. St. 97, 21 N. E. 193, 4 L. R. A. 216; *Bunker v. Miles*, 30 Me. 431, 50 Am. Dec. 632; *Meek v. Hurst*, 223 Mo. 688, 135 Am. St. 531, 122 S. W. 1022).

To allow one acting in the fiduciary relation of agent to buy or sell to himself is a solecism in the realm of law; for the moral stamina of the average man is inadequate to preserving the fine glow of fidelity to his trust and confidential

**Publisher's Note.**

1. Liability of community property for community debts, see note in 19 L. R. A. 234. See, also, 5 R. C. L. 864.

2. Right of executor or administrator to purchase at his own sale, see notes in L. R. A. 1918B, 7; 1 A. L. R. 747. See, also, 11 R. C. L. 358, 362.

3. Title of *bona fide* purchaser from fraudulent grantee, see note in 67 L. R. A. 891, 898. See, also, 27 R. C. L. 687.

See Executors and Administrators, 24 C. J., sec. 661, p. 176, n. 44, 45; sec. 1592, p. 636, n. 71; sec. 1700, p. 691, n. 16, 17.

Husband and Wife, 31 C. J., sec. 1329, p. 188, n. 8, 24; sec. 1339, p. 193, n. 63, 64; sec. 1340, p. 193, n. 88.

Vendor and Purchaser, 39 Cyc., p. 1775, n. 55.

relation in such transaction; and the interdiction is enforced with a strong hand in courts of justice. (*Montgomery v. Hundley,* 205 Mo. 138, 103 S. W. 527, 11 L. R. A., N. S., 122.; *Moore v. Mandlebaum,* 8 Mich. 433, 21 R. C. L. 830.)

An agent cannot without the knowledge or consent of his principal so negotiate the sale of his principal's realty as to get title of the same in himself. (*Bookwalter v. Lansing,* 23 Neb. 291, 36 N. W. 549; *McKay v. Williams and Mc-Nenny,* 67 Mich. 547, 11 Am. St. 597, 35 N. W. 159.)

"No executor or administrator must directly or indirectly purchase any property of the estate he represents, nor must he be interested in any sale." (C. S., sec. 7655.)

Not only are purchases by executors or administrators at their own sale of property of their testator or intestates inhibited by the rule but the prohibition extends to many of those standing in a confidential relation to them or to the estate; e. g., the husband of the executrix, or a partner of a partnership of which an executor or administrator is a member. (11 R. C. L., p. 360; *Harrod v. Norris,* 11 Mart. (La.) 297, 13 Am. Dec. 350; *Turner v. Fryberger,* 94 Minn. 433, 110 Am. St. 375, 103 N. W. 217.)

Where an agent practically conducts the sale, such agent in like manner will not be allowed individually to become a purchaser. (11 R. C. L., p. 360; *Buckles v. Lafferty's Legatees,* 2 Rob. (Va.) 292, 40 Am. Dec. 752.)

"No administrator or executor shall purchase any claim against the estate he represents; and if he pays any claim for less than the normal value he is only entitled to charge in his account the amount he actually paid." (C. S., sec. 7689.)

As a general rule a sale of realty can be authorized only for the payments of debts which were in existence at the time of decedent's death. And an order of sale by the probate judge in the absence of proof of unsecured debts due and owing at the time of the death of the decedent is void for want of jurisdiction. In accordance with the rule just stated the right to order a sale for the payment of the ex-

penses of administration has been very generally denied.
(24 C. J., p. 549; *In re Webster,* 74 Or. 189, 145 Pac. 1063;
*Dubois v. McLean,* 4 McLean, 486, Fed. Cas. No. 4107; *Beadle
v. Steele,* 86 Ala. 413, 5 So. 169; *Dean v. Dean,* 3 Mass. 258;
*Matter of Catlin,* 57 Misc. Rep. 269, 109 N. Y. Supp. 542.)

Where a statute requires an administrator to give an addi-
tional bond upon sale by him of the lands of his estate, his
omission to give such bond renders the sale void. (*Currie
v. Stewart,* 27 Miss. 52, 61 Am. Dec. 500, and note: *William-
son* v. *Williamson,* 3 Smedes & M. (Miss.) 715, 41 Am. Dec.
636; *Campbell v. Knights,* 26 Me. 224, 45 Am. Dec. 107.)

Where the period of notice of sale is prescribed by statute,
it has been held that if the notice fall short of the require-
ments of the statutes the sale is absolutely void. Also the
requirements of the statutes as to posting should be followed.
(24 C. J., pp. 625, 626; *Tappan v. Dayton,* 51 N. J. Eq. 260,
28 Atl. 1; *Parsons v. Lanning,* 27 N. J. Eq. 70; *State v.
Hand,* 41 N. J. L. 518; *Kline v. Shoup,* 35 Ida. 527, 207 Pac.
584.)

It is a general rule that the probate courts have no juris-
diction except over the estates of deceased persons and they
cannot administer the estate of a living person; then how can
a probate court assume jurisdiction over the share of the
survivor which in the state of Idaho the supreme court has
repeatedly held is vested in the survivor and does not come
to him or her through the deceased spouse? The administra-
tor of the succession of the deceased wife is without right or
authority to take possession or assume control of property
held in community between the deceased and the surviving
husband. (*Verrier v. Lorio,* 48 La. Ann. 717, 19 So. 677.)

A mere volunteer who institutes proceedings in probate upon
an estate, in which he has no interest, and for the ostensible
purpose of paying the debts of such estate, but in fact to pro-
cure a sale of a part of the estate to himself, and directs, and
controls and manages the proceedings in probate successfully
to that end, has no standing in a court of equity. Such a
sale is voidable and will be set aside at the instance of any-

one injured thereby." (*Bergin v. Haight,* 99 Cal. 52, 33 Pac. 760.)

H. J. Swanson and Standrod & Bacon, for Respondents.

The purchase of the land at probate court sale by Theo. Turner, father of the administrator, was not in contravention of C. S., sec. 7655. This section has been construed and such sale is only, at most, voidable. (*Cardoner v. Day,* 253 Fed. 572; *French v. Phelps,* 20 Cal. App. 101, 128 Pac. 772; *Boyd v. Blankman,* 29 Cal. 19, 87 Am. Dec. 146; *In re Richards' Estate,* 154 Cal. 478, 98 Pac. 528; *Cain v. McGeenty,* 41 Minn. 194, 42 N. W. 933; *Fairburn Banking v. Summerlin,* 144 Ga. 31, 85 S. E. 1007; *Ketchum v. Ketchum,* 177 Mich. 100, 143 N. W. 25.)

The sale made was made directly by the probate court to the purchaser, Theo. Turner, within the discretion vested in it under section 7632, C. S. (*In re Reed's Estate,* 3 Cal. App. 142, 85 Pac. 155; *In re Bradley's Estate,* 168 Cal. 655, 144 Pac. 136; C. S., sec. 7632.)

There was no fraud practiced by Theo. Turner in purchasing this land. The appellant was present by counsel and knew personally through her counsel exactly what was done. She had an opportunity to be heard in the probate court proceedings, and now she is not entitled to any relief. (*Flood v. Templeton,* 152 Cal. 148, 92 Pac. 78, 13 L. R. A., N. S., 579; *United States v. Throckmorton,* 98 U. S. 61, 25 L. ed. 93; *Abrams v. White,* 11 Ida. 497, 83 Pac. 602.)

The failure of an administrator to give an additional bond as required by sec. 7508, C. S., does not render the sale void. (*La Coste v. Splivalo,* 64 Cal. 35, 30 Pac. 571; *Evans v. Gerken,* 105 Cal. 311, 38 Pac. 725; *Higgins v. Reed,* 48 Kan. 272, 29 Pac. 389.)

In a probate proceeding the administration of the estate draws to the probate proceedings jurisdiction over the interest of the survivor, in this case the surviving spouse. (*La Tourette v. La Tourette,* 15 Ariz. 200, Ann. Cas. 1915B, 70, 137 Pac. 426.)

Upon the death of either the husband or the wife, the entire estate, and not the portion owned by the deceased, is subject to probate. (31 C. J., "Husband and Wife," sec. 1370d (1), p. 213.)

A probate court in Idaho has exclusive jurisdiction to probate estates. (Const., art. 5, sec. 21; *Estate of McVay* (on rehearing), 14 Ida. 64, 93 Pac. 31.) And in the course of probate proceedings a probate court has power to sell real estate belonging to said estate. (C. S., chap. 279.)

The probate court being a court of general jurisdiction, can determine its own jurisdiction. (*Clark* v. *Rossier*, 10 Ida. 348, 3 Ann. Cas. 231, 78 Pac. 358; *In re Brady*, 10 Ida. 366, 79 Pac. 75.)

The fraud which will authorize a court of equity to take jurisdiction for the purpose of vacating a judgment is extrinsic or collateral fraud. (*Donovan* v. *Miller*, 12 Ida. 600, 10 Ann. Cas. 444, 88 Pac. 82, 9 L. R. A., N. S., 524.)

"The filing of a claim, secured or unsecured, with the administrator, is not an action within the meaning of the rule contended for, and gives to the claimant no right of action, but leaves the selling of the property and the payment of the debt in the discretion of the administrator, in the manner prescribed by law." (*Kendrick State Bank* v. *Barnum*, 31 Ida. 562, 2 A. L. R. 1129, 173 Pac. 1144; *Berry* v. *Scott*, 43 Ida. 789, 255 Pac. 305.)

GIVENS, J.—A statement of this case appears in *Swinehart* v. *Turner*, 38 Ida. 602, 224 Pac. 74, the present action being based upon the amended complaint filed after this court had decided that the prior complaint stated a cause of action.

There was evidence to support the finding of the lower court that notices were published and posted according to the statute. Raising the question of the failure of the probate court to require an additional bond upon the sale of the property would constitute, so far as this action is concerned, a collateral attack insufficient upon which to predicate a conclusion that the sale was thereby void.

[1] On the death of either spouse, the community property being liable for the community debts, the administration of the estate draws to it the liquidation and settlement of the entire community estate for the purpose of satisfying the community debts which makes it necessary for the probate court to assume jurisdiction over and administer both moities of the community fund. (*Ryan v. Fergusson,* 3 Wash. 356, 28 Pac. 910; 31 C. J. 193, 1339, notes 63 and 64.) The Washington statute construed by the Washington cases cited in the text is sufficiently similar to the Idaho statute to make the reasoning of the Washington decisions applicable to our statute.

After the real estate was purchased at the probate court sale by the son of the administrator it was sold to a third party, Mrs. Duffy, one of the respondents herein. While the sale to the younger Turner might be prohibited by C. S., sec. 7655, providing that no executor or administrator must, directly or indirectly, purchase any property of the estate he represents, nor must he be interested in any sale, such section, identical with sec. 1578, Cal. Code Civ. Proc., would not necessarily affect the title of respondents Duffys.

In considering this section in a similar action this court held that a purchase by the wife of the administrator, unless shown to be for the separate estate of the wife, would make the sale voidable if not void. (*Estate of Blackington,* 29 Ida. 310, 158 Pac. 492.) The California court in *French v. Phelps,* 20 Cal. App. 101, 128 Pac. 772, construing Code Civ. Proc., sec. 1576, one of the cases cited in *Estate of Blackington, supra,* held that a purchase by an executor of the interests of legatees, though prohibited by the code, is not void, but only voidable. (*Estate of Richards,* 154 Cal. 478, 98 Pac. 528; *Boyd v. Blankman,* 29 Cal. 20, 87 Am. Dec. 146; *Burris v. Kennedy,* 108 Cal. 331, 41 Pac. 458.)

As said in *Burris v. Kennedy* and *Boyd v. Blankman, supra,* such conclusion was reached for the protection of innocent purchasers.

[2] The court in his twenty-fourth finding of fact found in effect that the Duffys were innocent purchasers, were free from fraud, and had no knowledge of the relationship of

the Turners with the appellant or with the estate. This finding was amply supported by the evidence and there is no evidence contrary thereto. The action was one in equity seeking a return of the property and that the deeds executed to the Turners and to the Duffys be declared null and void and title be restored to appellant. While a purchase by a representative at his own sale is voidable, a deed from him conveying the property to a *bona fide* purchaser for a valuable consideration will pass title, and after such a conveyance the original purchase will not be set aside. (24 C. J., sec. 661, p. 176.)

"A conveyance made by the administrator to himself is *ipso facto* void, without regard to section one hundred and ninety-three, for it bears its own invalidity upon its face. But the conveyance to a third person after a sale to him, and a confirmation of the sale, although secretly made for the use of the administrator, gives such person a *prima facie* title to the land, and the invalidity of the title is made to appear, upon the fact being ascertained and determined in the proper Court, that the purchase was made by the administrator *per interpositam personam.* Before that fact is determined there would seem to be little if any doubt that the third person who had taken the title for the administrator could pass it to a *bona fide* purchaser for a valuable consideration, without notice of the fraudulent purchase." (*Boyd v. Blankman, supra.*)

[3] There appears to be no question but that the Duffys were *bona fide* purchasers for a valuable consideration, and that they had no knowledge or notice of a fraudulent purchase by their grantor, if in fact the purchase was fraudulent, and therefore the sale to them will not be set aside.

Such holding renders it unnecessary to consider the other errors assigned.

The judgment is affirmed. Costs awarded to respondents.

Wm. E. Lee, C. J., and Budge and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.