(No. 6136. October 25, 1934.)

ALBERT C. AMONSON, in His Capacity as Administrator of the Estate of CHRISTINA AMONSON, Deceased, ALBERT C. AMONSON, in His Individual Capacity, CLARA DIGGLES and ESTHER PYEATT, Appellants, v. OSCAR C. AMONSON and JANE AMONSON, Husband and Wife, and EMMA AMONSON, KARL AMONSON and EDGAR AMONSON, Heirs of ANKER AMONSON, Deceased, Respondents.

[37 Pac. (2d) 228.]

E. W. Whitcomb, for Appellants.

E. H. Casterlin, for Respondents.

MORGAN, J.—January 28, 1921, Peter Amonson died testate. He provided in his will:

"1. I give, devise and bequeath unto my beloved wife, Christina Amonson, the use, improvement and income of all the property and estate which I may own or to which I may be entitled at the time of my decease, real, personal and mixed, and of every kind and description, and wherever situated; and I further authorize and empower her, without the intervention of any Probate or other court, to sell, mortgage, lease or otherwise dispose of all of said property, or any part thereof, at such prices and at such times as she may judge expedient, and to re-invest the proceeds of such sales in manner as she may judge proper

and expedient, or to spend the whole or such part thereof as she may judge to be necessary for her proper comfort and support; TO HAVE AND TO HOLD, All of the said property to my said wife, for the uses and purposes aforesaid, and with the said control and authority over the same, for and during her natural life.

"2. I give, devise and bequeath to my children, Oscar C. Amonson, Anker Amonson, Albert C. Amonson, Clara Diggles and Esther Amonson Pyeatt, and to the issue, by right of representation, of any of my said children being deceased at the time of the death of my said wife, the reversion and remainder of all my said estate, and all profit, income and advantage therefrom, from and after the decease of my said wife, Christina Amonson; TO HAVE AND TO HOLD, The same to them my said children, share and share alike, and to the issue of any one of them being deceased by right of representation, their heirs and assigns, from and after the decease of my said wife, for their use and behoof forever."

His widow was named executrix. She filed a petition to have the will probated, and alleged the property therein described constituted the community property of decedent and herself and, as a part of such property, included therein Lot 3 in Block 18 in Salmon City Townsite, involved in this suit. She qualified as executrix and procured said property to be appraised as belonging to the estate of her deceased husband. Subsequently she filed a petition in the probate court wherein she recited, among other things, that certain of the property described in the inventory and appraisement, including said lot, was her sole and separate property, and procured an order of the probate court that the inventory and appraisement theretofore made be stricken from the files and held for naught, and that an inventory and appraisement of the property belonging to the estate be returned and filed, to the same effect as if no inventory and appraisement thereof had ever been made. Pursuant to said order she filed an inventory and appraisement of the property of

said estate from which, among other items, said lot was omitted. March 15, 1924, there was made and entered in the probate court a decree of final discharge of the executrix, and the trust was settled and closed.

November 26, 1924, Christina Amonson executed and delivered to Oscar C. Amonson and Jane Amonson, his wife, for the expressed consideration of one dollar and love and affection, a deed conveying to them the lot in question, together with the appurtenances thereunto belonging. It was orally agreed between the parties to the deed that it should not be recorded until after the grantor's death, and that she should remain in possession and occupancy of the property as long as she lived. In the deed it was recited:

"It is the express intention of the party of the first part that this grant shall be exclusive of and that neither the lands nor their value be subtracted nor deducted from the full share of the said Oscar Amonson of the estate of the grantor herein or of the estate of his deceased father, Peter Amonson, and that he, the said Oscar Amonson, shall have his full share of said estates the same as if this grant had not been made."

December 28, 1927, Christina Amonson died intestate, and Albert C. Amonson was appointed, qualified as, and assumed the duties of, administrator of her estate. January 12, 1928, the deed was filed for record and on that day Albert C. Amonson, Oscar C. Amonson, Anker E. Amonson, Esther Amonson Pyeatt and Clara Amonson Diggles, the sons and daughters of Peter Amonson and Christina Amonson, executed a contract wherein it was recited that they were desirous of having the estates of their father and mother administered according to law and finally distributed among them equally, share and share alike, and that Oscar C. Amonson, in consideration that the contract be made, agreed to give a good and valid deed conveying to each of the other parties a one-fifth interest, in common and undivided, in and to the

property in controversy herein. It was further recited in the contract:

"In consideration of the premises and in consideration of the offer made by said Oscar C. Amonson, it is hereby mutually agreed by and between the respective parties to this agreement that in the administration of the estates of Peter Amonson and Christina Amonson, that all of the property thereof, after the payment of all just debts and costs of administration, shall, by an order of the Judge of the Probate Court of said County of Lemhi, be divided equally between all of the parties herein, share and share alike. In consideration of the above the said Oscar C. Amonson hereby agrees to convey by a good and valid deed, or deeds, duly signed and acknowledged by himself and his wife, Jane L. Amonson, to each of the other parties to this agreement, a one-fifth interest in common and undivided in and to Lot numbered Three (3) in Block numbered Eighteen (18) situated in the Salmon City Townsite, County of Lemhi, and State of Idaho, a Plat of which is on file in the office of the County Recorder of said County of Lemhi, together with all buildings thereon and all appurtenances and rights thereto appertaining and belonging."

Disagreement arose among the heirs with respect to distribution and division of the property and resulted in litigation by Oscar C. Amonson and wife, who had purchased the distributive share of Anker E. Amonson, against Albert C. Amonson as administrator and in his individual capacity, Clara Amonson Diggles and Esther Amonson Pyeatt for distribution and partition of a portion thereof. The last named persons resisted distribution and partition and sought, among other things, to have the lands kept intact until such time as they could be sold advantageously. Basing his refusal on the failure of his brother and sisters to carry out the contract to divide the property, and on the further fact that his wife had not executed the contract and that it was, therefore, invalid, Oscar C. Amonson refused to deed to them the interests

in the lot in controversy. In the case before us the trial judge found, and the finding is supported and sustained by the evidence, that said contract was induced by representations which had not been carried out and which were relied on by Oscar C. Amonson.

This suit was commenced to procure a decree that said lot 3 was community property of Peter Amonson and Christina Amonson, his wife, at the time of his death; that Christina Amonson, having accepted the terms and conditions of the will of Peter Amonson and having inventoried said lot as a part of his community estate, was bound thereby; that said lot was at no time the separate property of Christina Amonson; that she had no right to sell and convey it as her sole and separate property to Oscar C. Amonson and Jane Amonson; that the deed purporting to make such conveyance was fraudulent and unlawful and conveyed no title thereto; that said lot be decreed to be a part of the estate of Christina Amonson at the time of her death, and that Oscar C. Amonson and Jane Amonson be ordered and directed to reconvey the same to Albert C. Amonson, in his capacity as administrator of the estate of Christina Amonson, for the purpose of being properly distributed as a part of her estate to the persons entitled thereto.

The trial judge found, and the finding is supported and sustained by the evidence, that the property involved in this suit was the community property of Peter Amonson and Christina Amonson, his wife.

Appellants contend the will of Peter Amonson gave his wife a life estate in and to all the community property owned by them, in consideration of her promise that any portion thereof remaining at the time of her death should be equally divided among all their children, and the deed conveying the lot in controversy was executed and delivered in violation of that agreement.

The evidence in support of this contention consists of the will and the testimony of Hon. E. W. Whitcomb, who prepared it, that it "was drawn at their request and it

conforms to the joint wishes expressed by both of them prior to my drawing the will. . . . . The joint desire of both of them as they expressed it to me that Christina Amonson should enjoy the life estate in the manner expressed in the will, and upon her death the property should be equally divided between all the children in the manner as expressed in the will." On cross-examination he testified: "I read the will to them. I always do that; I am sure of that that I read the will to them, and I can recall their conversation if you want it. I haven't given it.

"Q. No, I simply want to get this. The will contains just exactly what they wanted it to contain?

"A. I don't know that it contained what they wanted it to or not but it is the will they accepted. It wasn't fully in harmony with all their conversation, if you want to know that.

"Q. But it was accepted by Peter and Christina Amonson and executed by Peter Amonson?

"A. Yes, sir, that is correct. I will say this I should have drawn the will differently in the first instance if I knew as much the first time as I did afterwards.

"Q. But the will you drew was satisfactory to Peter Amonson and Christina Amonson?

"A. Apparently so. I think they said it was all right, or words to that effect."

■■ I. C. A., sec. 14–113, provides:

"Upon the death of either husband or wife, one-half of all of the community property shall go to the survivor, subject to the community debts, and the other half shall be subject to the testamentary disposition of the deceased husband or wife, . . . . "

That section gave Peter Amonson the right to will a life estate to his half of the community property to his wife and the remainder, after her death, to their children. It gave to Christina Amonson a half interest in said property on the death of her husband, which interest she had a right to contract away, as it is contended by appellants

she did. If she did not contract her interest away, it became her sole and separate property, on the death of her husband, which he might convey to whomsoever she saw fit. There is nothing in the will of Peter Amonson which tends to show an intention on his part to dispose of any more than his community interest in the property, and the evidence does not sustain the contention of appellants that Christina Amonson contracted, or otherwise obligated herself, to leave her community interest therein, by will or otherwise, to their children.

There is conflict in the evidence relative to the mental capacity and competency of Christina Amonson to execute the deed. The trial judge, who had the opportunity to hear the testimony of the witnesses and to observe their demeanor while testifying, found she was mentally competent to make the conveyance, and the finding is supported by sufficient evidence, if uncontradicted, to sustain it. Under a well established rule prevailing in this state, that finding will not be disturbed.

We have not discussed the assignments of error contained in appellants' brief, but believe the foregoing disposes of the principal points presented thereby.

The trial court decreed that Oscar C. Amonson and Jane Amonson, husband and wife, are the owners of a five-tenths interest, in common and undivided, in and to Lot 3 of Block 18 of the Original Salmon City Townsite, together with the appurtenances thereunto belonging, being the property involved in this litigation. That is all the interest which was acquired by them from Christina Amonson, by deed. It decreed to Albert C. Amonson, Oscar C. Amonson, Clara Diggles and Esther Pyeatt each a one-tenth interest, and to Emma Amonson, Karl Amonson and Edgar Amonson, heirs of Anker Amonson, deceased, each a one-thirtieth interest in and to said property, being the community interest therein of Peter Amonson to which they succeeded, according to the terms of his will, on the death of Christina Amonson.

The decree is affirmed. Costs are awarded to respondents.

Budge, C. J., and Givens, Holden and Wernette, JJ., concur.