ESTATE OF WORTH S. LEE, DECEASED, HELEN S. LEE, EXECUTRIX PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11846. Promulgated August 5, 1948.

*Perce Hall, Esq.*, for the petitioner.
*John H. Pigg, Esq.*, and *Robert G. Harless, Esq.*, for the respondent.

OPINION.

Tyson, *Judge*: The respondent determined against petitioner a deficiency in estate tax in the amount of $3,686.80, based on several adjustments, not all of which are in controversy herein.

The four assignments of error are that the respondent in his determination of the value of decedent's net estate, involving community property, erred in disallowing as deductions one-half of the following items incurred and paid by the executrix: (a) Funeral expenses, (b) executrix's commissions, (c) miscellaneous administration expenses, and (d) allowance for support of dependents.

The proceeding has been submitted upon the pleadings and a stipulation of facts, including attached exhibits. The stipulated facts, which are included herein by reference as our findings of fact, are summarized below.

The decedent, Worth S. Lee, died testate on July 22, 1942, a resident of Mountain Home, County of Elmore, Idaho. On September 11, 1942, the decedent's will was admitted to probate and Helen S. Lee was duly appointed executrix of decedent's estate by order of the Probate Court of Elmore County, Idaho. Helen S. Lee is now the executrix of that estate and a resident of Mountain Home, Idaho. On November 19, 1943, Helen S. Lee filed the Federal estate tax return involved herein with the collector for the district of Idaho.

At the date of his death the decedent was survived by his widow, Helen S. Lee, and two minor children, Worth Lee and Helen Lee, who were born on April 25, 1925, and April 24, 1926, respectively. All of the property in which decedent had an interest at date of his death was the community property of Worth S. Lee, deceased, and his wife, Helen S. Lee.

The decedent's last will and testament was as follows:

To Whom It May Concern:

I give and bequeath all property of every kind of which I die possessed to my wife, Helen Lee, to my son, Worth (Bus) Lee, and to my daughter, Helen (Tish) Lee. I designate and ask that my wife, Helen Lee, be appointed Guardian of the children and executrix of my estate without bond.

In the administration of the decedent's estate the executrix incurred and paid, *inter alia*, the following expenses:

| | |
|---|---|
| Funeral expenses | $1,990.00 |
| Executrix's commissions | 8,189.87 |
| Miscellaneous administration expenses | 57.53 |
| Support of dependents | 11,924.35 |

The executrix's commissions of $8,189.87 were computed and allowed, in accordance with the Idaho Code, on the entire community estate as accounted for to the probate court in the amount of $269,329.26. The amount of $11,924.35 for support of dependents consists of $8,674.35 actually expended for support of dependents pursuant to allowance made by the probate court and $3,250 homestead set apart by order of that court, pursuant to the Idaho Code.

In the Federal estate tax return for Worth S. Lee, deceased, the full amounts of the expenses set forth in the next preceding paragraph were claimed as deductions from the decedent's gross estate. In his deficiency notice the respondent disallowed one-half of each of those four items.

There is no question herein as to the value of the decedent's gross estate, nor as to the four items being reasonable in amount. For the purpose of determining the value of decedent's net estate subject to Federal estate tax, section 812 (b), Internal Revenue Code,[1] allows a deduction for each of the items involved herein, but only in "Such amounts * * * as are allowed by the laws of the jurisdiction, * * * under which the estate is being administered * * *"; that is, in the instant case, such amounts as are allowed by the community property laws of the State of Idaho. Cf. *Lang's Estate* v. *Commissioner*, 97 Fed. (2d) 867.

Petitioner contends that the surviving wife's share of the community is her own property, subject only to the payment of community debts owing at date of death, and that all administration expenses, commissions, funeral expenses, and support of dependents constitute charges solely against the decedent's estate, which is the only property transferred or inherited by reason of the decedent's death. Petitioner

---

[1] SEC. 812. NET ESTATE. [Prior to amendment by sec. 405, Revenue Act of 1942, effective Oct. 21, 1942.]

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

(b) EXPENSES, LOSSES, INDEBTEDNESS, AND TAXES.—Such amounts—

    (1) for funeral expenses,

    (2) for administration expenses,

    (3) for claims against the estate,

    (4) for unpaid mortgages upon, or any indebtedness in respect to, property where the value of decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate, and

    (5) reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, but not including any income taxes upon income received after the death of the decedent, or property taxes not accrued before his death, or any estate, succession, legacy, or inheritance taxes. \* \* \*

further contends that the statutory allowances for support of dependents are part of the administration expenses and are a preferred claim against the decedent's estate.

The respondent contends that under the laws of Idaho the entire community property of the decedent and his surviving wife is subject to administration, but only one-half thereof is includible in decedent's gross estate and, hence, only one-half of each of the executrix's expenditures here in controversy is attributable to the decedent's one-half share of the community property. Further, in the alternative, respondent contends that, if the expenditures other than the item for the support of dependents are allowable in full as deductions, then, nevertheless, only one-half of the latter should be allowed because such expenditure is of a different character from administration and funeral expenses and under the Idaho law the allowance for support of dependents is not a charge solely against the decedent's one-half share of the community property.

In the instant case it is stipulated that all of the property in which decedent had an interest at date of death was the community property of the decedent and his surviving wife. Pursuant to the Idaho Code Annotated, 1932, Title 14, ch. 1, "Succession," sec. 14–113,[2] the husband and wife are equal partners in the community estate, each having the right to dispose of his or her half by will, while the survivor continues to be the owner of one-half of such property, subject only to the payment of community debts, and the surviving spouse takes one-half in his or her own right as the survivor of the dissolved marital community and not by succession, descent, or inheritance. *Kohny* v. *Dunbar*, 21 Idaho 258; 121 Pac. 544; *Peterson* v. *Peterson*, 35 Idaho 470; 207 Pac. 425; *Ewald* v. *Hufton*, 31 Idaho 373; 173 Pac. 247; *Amonson* v. *Amonson*, 55 Idaho 42; 37 Pac. (2d) 228; and cf. *Radermacher* v. *Radermacher*, 61 Idaho 261; 100 Pac. (2d) 955. Upon the death of one spouse both moieties of the dissolved marital community estate become subject to the jurisdiction of the probate court for the administration and settlement of the entire community estate to satisfy community debts. *Swinehart* v. *Turner*, 259 Pac. 3.

Since under *Swinehart* v. *Turner*, *supra*, the surviving wife's one-half share of the community property is subject to the jurisdiction of the probate court *only* for the satisfaction of the community debts, it

---

[2] 14–113. Devolution of community property.—Upon the death of either husband or wife, one-half of all of the community property shall go to the survivor, subject to the community debts, and the other half shall be subject to the testamentary disposition of the deceased husband or wife, in favor only of the survivor, the children, grandchildren or parents of either spouse, or one or more of such persons, subject also to the community debts : * * *

In case no such testamentary disposition shall have been made by the deceased husband or wife of his or her half of the community property, it shall go to the survivor, subject to the community debts, the family allowance and the charges and expenses of administration : * * *

is clear that the estate which is subject to administration for purposes other than the payment of community debts is the decedent's "estate" which is defined by section 14–401, Idaho Code, as meaning the real and personal property or interest therein of the testator or intestate decedent passing or transferred to the legatees or heirs by succession, and, with respect to community property, as including only the decedent's one-half interest therein. *Kohny* v. *Dunbar, supra.*

"Unquestionably, a claim against a decedent's estate which is *allowed by the laws of the jurisdiction* under which the estate is administered is deductible in determining the net estate subject to Federal tax." (Italics supplied.) *First-Mechanics National Bank* v. *Commissioner*, 117 Fed. (2d) 127. The stipulated facts show that two of the items here involved, i. e., the "executrix's commissions of $8,189.87" and the "support of dependents, $11,924.35," were allowed by the probate court. As to those two items petitioner does not contend or suggest that the probate court's allowance of itself placed those items within the purview of section 812 (b), *supra*, as amounts "allowed by the laws of the jurisdiction" within the rule of *Freuler* v. *Helvering*, 291 U. S. 35, and *Blair* v. *Commissioner*, 300 U. S. 5. Moreover, were such contention made, it would be without merit, since the record does not disclose that such allowances were not *ex parte* and *pro forma*, and we consequently assume that they were. In *In re Coryell's Estate*, 16 Idaho 201; 101 Pac. 723, it was held that the order or judgment of a probate court allowing a claim against an estate upon an *ex parte* showing is not a final order. This being the law of Idaho, the order of the probate court in allowing these two items does not establish that such items were "allowed by the laws of the jurisdiction" within the purview of section 812 (b), *supra*. *First-Mechanics National Bank* v. *Commissioner, supra;* and *Commissioner* v. *Childs' Estate*, 147 Fed. (2d) 368.

We must, therefore, look to and apply the laws of Idaho as disclosed by authoritative decisions of its courts and by its statute laws. Cf. *First-Mechanics National Bank* v. *Commissioner, supra.*

No Idaho case is cited by either petitioner or respondent as deciding the question of whether all or only one-half of each of the items here involved is chargeable to decedent's estate under the Idaho law; and, after diligent search, we have found none. In this situation we must, in deciding this question, turn to the statutes of that state and application of some of those statutes made by the Idaho courts. With respect to the administration of and charges against an estate of a decedent, various chapters and sections of the Idaho Code, under Title 15, "Administration of Estates of Decedents and Wards," in addition to certain cases applying those sections, are immediately hereinafter cited and the applicable provisions of those chapters and sections are stated without quoting such provisions in full because of their length.

Under chapter 5, "Homestead and Support of the Family," sections 15–501, 15–502, 15–503, and 15–504 provide for a reasonable allowance out of the decedent's estate for the support of the decedent's family and for the setting apart of the homestead exemption as ordered by the probate court and for the payment of any allowances under that chapter "in preference to all other charges except funeral charges and expenses of administration," *Lemp* v. *Lemp*, 32 Idaho 393; 184 Pac. 224; *In re McVay's Estate*, 14 Idaho 64; 93 Pac. 31; and *In re Fleshman's Estate*, 51 Idaho 312; 5 Pac. (2d) 727; and section 15–512 under chapter 5 provides that the costs of all probate court proceedings under chapter 5 are to be "paid by the estate as expenses of administration." *Oylear* v. *Oylear*, 35 Idaho 732; 208 Pac. 857.

Under chapter 6, "Claims Against the Estate," provision is made for the procedure in filing claims against the estate, the allowance or rejection thereof, etc.

Under chapter 7, "Sales and Conveyances of Property of Decedent," section 15–701 provides that "All of the property of a decedent shall be chargeable with the payment of the debts of the deceased, the expenses of administration, and the allowance of the family" and that the decedent's real and personal property may be sold in the manner provided in that chapter. Section 15–713 of chapter 7 provides for the sale of the real property of the estate where necessary "to pay the allowance of a family, or the debts outstanding against the decedent, or the debts, expenses, or charges of administration or legacies"; and section 15–732 of chapter 7 provides that both the real and personal estate devised and bequeathed "is liable for the debts, expenses of administration, and family expenses" in proportion.

Under chapter 8, "Powers and Duties of Executors and Administrators," section 15–802 provides that the executor or administrator must "take into possession all the estate of the decedent, * * * and collect all debts due to the decedent or to the estate" for purposes of administration, etc.

Under chapter 11, "Accounts and the Payment of Debts," section 15–1102 provides that the executor or administrator "is chargeable in his account with the whole estate of the decedent." Section 15–1105 of chapter 11 provides that the executor "shall be allowed all necessary expenses in the care, management and settlement of the estate, and for his services such fees as provided in this chapter." Section 15–1107 of chapter 11 provides for certain commissions for the executor, to be computed upon certain percentages of the amount of the "estate accounted for by him." Section 15–1124 of chapter 11 provides for the order of payment of debts of an estate, namely, first, "Funeral expenses and expenses of the last sickness"; second, certain preferred debts; third, certain judgments; and, fourth, "All other demands against the estate"; and section 15–1127 of that chapter

provides that as soon as sufficient funds are in hand the executor or administrator "must pay the funeral expenses * * * and the allowance made to the family of the decedent" and that he may retain funds necessary for administration expenses.

Under chapter 12, "Charge of Debts and Legacies," section 15–1202 provides for the order in which "The property of a testator" must be resorted to for the payment of debts and further provides that "Before any debts are paid, the expenses of the administration and the allowance to the family must be paid or provided for."

We are of the opinion that under the cited statutes the executrix's expenditures here in controversy, all of which were incurred subsequent to the decedent's death and in connection with the administration of his estate, constituted charges against his estate, consisting of his one-half share of the community property. However, we do not think that every item of those expenditures is chargeable alone against decedent's estate and that his estate is entitled to deduct all those items in full, as claimed by petitioner. In *Swinehart* v. *Turner*, *supra*, the Idaho Supreme Court said:

On the death of either spouse, the community property being liable for the community debts, the administration of the estate draws to it [decedent's estate] the liquidation and settlement of the entire community estate for the purpose of satisfying the community debts, which makes it necessary for the probate court to assume jurisdiction over and administer both moieties of the community fund. [Brackets supplied.]

We are of the opinion that the executrix's commissions in the amount of $8,189.87 and the miscellaneous administration expenses in the amount of $57.53 were incurred in and pertained to the administration of the entire community property and were debts of the community. It is a stipulated fact that the executrix's commissions of $8,189.87 were computed at the rates and allowed in accordance with section 15–1107 of the 1932 Idaho Code as amended by the 1935 Session Laws, and on the value of the entire community estate as accounted for to the probate court in the amount of $269,329.26. The surviving wife was the owner of one-half of the community property subject to administration of the probate court for the payment of community debts, and, it not being shown what portions of the commissions and miscellaneous administration expenses pertained to the administration of the decedent's estate, or what portions pertained to the administration of the wife's one-half of the community property, it follows that one-half of such commissions and miscellaneous administration expenses must be regarded as for the benefit of that property and not the estate of the decedent. Cf. *Lang's Estate* v. *Commissioner*, *supra*, on "fourth" issue. *Kathrine Schuhmacher*, 8 T. C. 453, 467. Section 812 (b), *supra*, contemplates the allowance of the deductions there specified only when incurred for and on behalf of a decedent's estate, and we hold that the

decedent's estate is entitled to a deduction of only one-half of the amount paid as executrix's commissions and miscellaneous administration expenses.

However, we are of the further opinion that the funeral expenses in the amount of $1,990 and the support of dependents in the amount of $11,924.35 constituted charges solely against the decedent's estate and, also, since they were incurred in and pertained solely to the administration of that estate and were not community obligations, we hold that those amounts are allowable in full as deductions under section 812 (b), *supra*, for the purpose of determining the net value of the decedent's estate subject to Federal estate tax. As to the funeral expenses, *Lang's Estate* v. *Commissioner*, *supra*, relied on by respondent, is distinguished since there the funeral expenses were disallowed as a deduction for Federal estate tax purposes because the Supreme Court of Washington in which the estate there involved was being administered had expressly held in *Wittwer* v. *Pemberton*, 188 Wash. 72; 61 Pac. (2d) 993; 65 Pac. (2d) 218, that such expenses constituted a community obligation, while we hold that under the laws of Idaho such expenses do not constitute such an obligation.

The respondent erred in disallowing one-half of the $1,990 and $11,924.35.

Chapter 171, 1941 Idaho Session Laws, amending section 14-402, Idaho Code, which section appears in chapter 4, "Transfer and Inheritance Tax Act," under Title 14, "Estates of Decedents," cited by petitioner, is not applicable here, if for no other reason than that it applies only to cases where one-half of the community property belonging to a decedent "is transferred to and inherited by the surviving spouse," which is not the case here, since the property involved was transferred by decedent's will to his wife and two children.

*Decision will be entered under Rule 50.*